PANHANDLE EASTERN PIPE LINE COMPANY, a Corporation, Petitioner, v. FEDERAL POWER COMMISSION, Respondent.

No. 10897.

United States Court of Appeals
Third Circuit.

Argued Feb. 20, 1953.

Decided April 30, 1953.

Harry S. Littman, Washington, D. C. (Scott & Littman, Washington, D. C., John S. L. Yost, New York City, Baker & Daniels, Indianapolis, Ind., Steptoe & Johnson, Washington, D. C., on the brief), for petitioner.

Charles V. Shannon, Washington, D. C. (Donald R. Richberg, Wheat, May & Shannon, Washington, D. C., on the brief), for Michigan Consolidated Gas Co., intervenor.

James H. Lee, Detroit, Mich. (Paul T. Dwyer, Corp. Counsel, Detroit, Mich., on the brief), for City of Detroit, intervenor.

Leonard Simons, Detroit, Mich. (Gerald K. O'Brien, Pros. Atty., Wayne County, Detroit, Mich., on the brief), for County of Wayne, Mich., intervenor.

Howell Purdue, Washington, D. C. (Bradford Ross, Gen. Counsel, Bernard A. Foster, Jr., Asst. Gen. Counsel and Louis Flax, Atty., Federal Power Commission, Washington, D. C., on the brief), for Federal Power Commission.

Before KALODNER, STALEY and HASTIE, Circuit judges.

PER CURIAM.

On June 21, 1951, Panhandle Eastern Pipe Line Company (Panhandle) filed an application with the Federal Power Commission for permission to reduce, commencing January 1, 1952,[1] deliveries of natural gas to Michigan Consolidated Gas Company (Michigan Consolidated) at Detroit from 125,000 Mcf per day to 87,500 Mcf per day.

Following hearings in October and November, 1951, the Presiding Examiner, on February 28, 1952, issued his decision denying Panhandle's application. Upon exceptions taken by Panhandle, the Commission issued its Opinion No. 229 and an accompanying Order on June 20, 1952, affirming with modifications the decision of the Presiding Examiner. On August 14, 1952, by Opinion No. 229-A, and an accompanying Order, the Commission denied Panhandle's application for rehearing. Panhandle petitioned this Court to review the Commission's refusal to allow its application.

It may be noted parenthetically that Panhandle's application to reduce deliveries to Michigan Consolidated was based upon a prior decision of the Commission in In Re Michigan-Wisconsin Pipe Line Company, Docket No. G–669, a proceeding involving

---

1. Michigan Consolidated purchased from Panhandle a maximum of 125,000 Mcf of natural gas per day at Detroit under a contract which expired December 31, 1951. It made additional purchases of natural gas from its affiliated pipe line, Michigan-Wisconsin Pipe Line Company.

the issuance of a certificate of convenience and necessity to Michigan-Wisconsin Pipe Line Company, an affiliate of Michigan Consolidated, to supply natural gas to Michigan Consolidated in competition with Panhandle. Panhandle contends (1) the Commission decided in Docket G–669 that effective December 31, 1951, it would be under no obligation to deliver more than 87,500 Mcf of gas per day to Michigan Consolidated at Detroit and that after that date the obligation to supply the remaining requirements of Michigan Consolidated should rest upon Michigan-Wisconsin; and (2) Michigan Consolidated and Michigan-Wisconsin had executed and filed with the Commission a service agreement obligating the latter to supply the entire natural gas requirements of the former at Detroit in excess of 87,500 Mcf per day after December 31, 1951.

According to Panhandle, the Commission's decision in Docket G–669 is res adjudicata with respect to its obligation commencing January 1, 1952, and that fact made it obligatory on the Commission to grant its petition of June 21, 1951, for permission to reduce its service to Michigan Consolidated.

Panhandle makes the further contentions that in denying its application the Commission misconstrued and misapplied the "public convenience" concept in a manner contrary to section 7(b) of the Natural Gas Act [2] and further that the Commission based its orders on hearsay evidence in violation of section 7(c) of the Administrative Procedure Act [3] and the Due Process Clause.

The Commission urges here that Panhandle's contentions are without merit and that "the present and future public convenience and necessity preclude the abandonment" of service sought by Panhandle.

It should be noted that the City of Detroit, Michigan, the County of Wayne, Michigan, and Michigan Consolidated have intervened in support of the Commission's position.

2. 15 U.S.C.A. § 717 et seq. as amended, 15 U.S.C.A. § 717f.

3. 5 U.S.C.A. § 1006(c) which provides: "* * * Every party shall have the

It would serve no useful purpose to explore the respective contentions of Panhandle, the Commission and the intervenors in view of our opinion this day in Panhandle Eastern Pipe Line Company v. Federal Power Commission, Nos. 10,639 and 10,761, 3 Cir., 204 F.2d 675, wherein we determined that the Commission in various Orders affecting the geographic area involved "has required Panhandle to deliver gas substantially in excess of the designed capacity of its pipeline system"; such Orders necessarily imply "a duty on the part of Panhandle to enlarge its pipeline facilities"; "the Commission may not compel the enlargement of the transportation facilities of a natural gas company" and accordingly required the Commission to further review its allocation of gas from the existing facilities of Panhandle.

Inasmuch as the Orders accompanying Opinions 229 and 229–A are directly concerned by our disposition in Nos. 10,639 and 10,761, we will accordingly vacate such Orders so that the Commission may reconsider the application of Panhandle to reduce delivery to Michigan Consolidated in the light of existing circumstances.

right * * * to conduct such cross-examination as may be required for a full and true disclosure of the facts".